## Read v. Fletcher.

(Decided June 1, 1916.)

### Appeal from Warren Circuit Court.

Ejectment.—In an action for ejectment where the plaintiff's title is put in issue, he must recover on the strength of his own title.

W. B. GAINS and SIMS, RODES & SIMS for appellant.

T. W. & R. C. P. THOMAS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Read, as plaintiff brought this suit in 1907 against the appellee, Fletcher, as defendant to recover the possession of a small lot in the town of Woodburn and damages for its detention. It appears that the case was continued from time to time and finally, the pleading having been lost, a substituted petition was filed in 1913, in which Read claimed that he then had title through a conveyance made to him in 1908 by one J. H. Vontress and also that he had been in possession of the lot for about two years before 1902, in which year he was wrongfully dispossessed by Fletcher.

Fletcher, for answer, after denying the averments of the petition, set up that he had been in the actual, adverse and peaceable possession of the lot in controversy since July, 1902, when he purchased it at a tax sale. He further attacked the conveyance to Read on the ground that it was champertous and void.

This suit by Read was really an action in ejectment, and as his title was put in issue it was of course necessary that he should recover on the strength of his own title. Two deeds to the lot in controversy appear in the record, one made in 1898 by J. W. Reynolds and wife to S. J. Vontress, and the other made in June, 1908, by J. H. Vontress to Read. The recitals in the deed made to Read as to the origin and chain of title in J. H. Vontress are not of course competent for any purpose in this litigation as evidence of title in Read.

Read testified, in substance, that he bought this land from one S. J. Vontress about 1900 and was in possession of it through his tenant, Frank Stewart, at the time Fletcher purchased it at the tax sale. That after Fletcher bought the land at the tax sale he told him that he

was the owner of the property and tendered to Fletcher the money which he had paid for the property at the tax sale but Fletcher refused to accept it. He also claimed that at this time he had a bond for title from Vontress, but that the bond was destroyed in a fire.

On behalf of Fletcher, W. S. Harney testified that his grandfather, J. T. Harney, owned the lot and gave it to his daughter, Susan Reynolds, who left it to her son, William Reynolds, and Mary Vontress, the wife of Sam Vontress, and that after the death of Susan Reynolds the title was in Mary Reynolds, the wife of Sam Vontress, and William Reynolds, and it does not appear that they ever conveyed the property to anybody.

Fletcher testified that he purchased the property in 1902 and that at the time he purchased it there was no person in possession, as there was no house on the property in which any one could live. That after he bought it he improved and rented it to a man named Woodall, whom he ejected from the premises on a writ of forcible detainer, and afterwards rented to Stewart. He further said that he had paid the taxes on the property ever since he bought it and had been in the actual, adverse and peaceable possession of it and had made improvements on it of the value of about one hundred dollars.

The judge of the Warren circuit court, to whom the case was submitted, dismissed the petition of Read, and in this disposition of the case we concur. Read failed to show any title or possession in himself sufficient to maintain an action for the recovery of the property, and for this reason, sufficient in itself, we presume the suit was dismissed.

The judgment is affirmed.